## WEDDERBURN v. WEDDERBURN.

(Court of Appeals of District of Columbia. Submitted December 5, 1923. Decided February 5, 1924.)

### No. 3952.

Husband and wife ⊙⇒297—Evidence held to sustain award for support of wife and children.

> Evidence that the breaking up of the home was largely attributable to defendant husband, who took two of the oldest children to Virginia and kept them there until they were returned by order of court, filed a divorce petition against his wife in Virginia, and attempted by subterfuge to get her to come there, *held* to sustain an order requiring defendant to pay plaintiff $150 a month for the maintenance of herself and three children, ranging in age from 13 months to 6 years.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Lottie S. Wedderburn against Alexander J. Wedderburn, Jr. From an·order requiring defendant to pay plaintiff a stated amount for maintenance and support for herself and children, defendant appeals. Affirmed.

T. Morris Wampler, of Washington, D. C., for appellant.

J. B. Archer, J. M. Chamberlin, J. L. Smith, and G. L. Munter, all of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This appeal involves an order requiring appellant, defendant below, to pay appellee, his wife, $150 per month for the maintenance of herself and their three children, ranging in age from 13 months to 6 years.

The court below, after the testimony had been taken in open court, found that:

> "From all the evidence in·the case, to which not only may but should properly be added the opportunity of the court to observe the witnesses so testifying and their bias or otherwise, for or against, the court is of opinion that the plaintiff is entitled to a decree in this case, awarding her the custody of the three minor children, and also for a suitable allowance from the defendant for the maintenance of herself and said children."

It is apparent that the trial justice was in a better position than are we to pass upon the weight of the evidence. Having this in mind, we shall merely determine whether there was substantial evidence before the court upon which to base the finding, we already having determined that a proceeding of this kind is maintainable under the provisions of section 980 of our Code. Bernsdorff v. Bernsdorff, 26 App. D. C. 520; Beall v. Beall, 27 App. D. C. 468.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears that for several months prior to October 20, 1921, Mrs. Wedderburn had been very unhappy because of conditions in the home, for which her husband was, to a considerable extent at least, responsible. On that date he surreptitiously took the two eldest children to Virginia, where he kept them for 6 weeks, when they were returned under an order of a Virginia court. On October 24, 1921, Mr. Wedderburn wrote his wife that he was "on the hunt for a suitable home in Virginia," and that he was ready to have her come to live with him at a hotel. On the same day that this letter was written, and possibly before it even was mailed, he filed a petition for divorce against his wife in Virginia. It is apparent, therefore, that this letter was a mere subterfuge. From that time he has contributed nothing toward the support of his wife and children.

A consideration of all the evidence leads to the conclusion reached by the trial court, namely, that the breaking up of this home was attributable largely to the attitude and conduct of the husband. Under the evidence the amount awarded the wife is reasonable. Indeed, if we accept the testimony of the husband on this point, he was contributing much more prior to October of 1921 than he now is required to pay for the maintenance of his family.

It results that the decree must be affirmed, with costs.
Affirmed.